UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JORGE CANDELARIO and JENNIFER PAGAN,

                                        Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer MATTHEW DEMIAO, Shield No. 23579; Police Officer CHRISTOPHER NAGEL, Shield No. 20846; Sergeant KEVON SAMPLE, Shield No. 26151; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                        Defendants.
------------------------------------------------------------------------x

**AMENDED COMPLAINT**

Jury Trial Demanded

ECF Case

15-cv-00240 (PKC)(RML)

Plaintiffs, JORGE CANDELARIO and JENNIFER PAGAN, by their attorney Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, by defendants THE CITY OF NEW YORK, Police Officer MATTHEW DEMIAO, Shield No. 23579; Police Officer CHRISTOPHER NAGEL, Shield No. 20846; Sergeant KEVON SAMPLE, Shield No. 26151, Police Officer and P.O.s "JOHN and JANE DOE" #1-10, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiffs JORGE CANDELARIO and JENNIFER PAGAN are residents of Kings County in the City and State of New York.

7. Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

8. Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants Police Officer MATTHEW DEMIAO, Shield No. 23579; Police Officer CHRISTOPHER NAGEL, Shield No. 20846; Sergeant KEVON SAMPLE, Shield No. 26151, and John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John & Jane Doe 1 through 10.

10. At all times hereinafter mentioned DEMAIO, NAGEL, SAMPLE and the Doe Defendants (collectively the "Municipal Defendants"), either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

13. On or about 11:30 p.m. on May 31, 2013, plaintiffs JORGE CANDELARIO and JENNIFER PAGAN were lawfully within their home located at 604 Georgia Ave., Brooklyn, New York.

14. Plaintiff, JORGE heard loud knocking on the apartment door.

15. The individuals who were knocking on the door identified themselves as New York City Police Officers. Approximately ten (10) police officers, including DEMAIO, NAGEL, SAMPLE, were outside the apartment door.

16. The officers asked JORGE if his sister, Jeanette, was home. They then asked JORGE permission to enter and search his residence.

17. JORGE stated that he did not know if his sister was home.

18. JORGE opened the door and one officer slammed his forearm into plaintiff JORGE'S neck, taking him to the ground.

19. Multiple officers, including DEMAIO, NAGEL, and SAMPLE, fell upon plaintiff JORGE and beat him. Plaintiff JENNIFER, who was within the apartment, observed this beating and called 911 for help.

20. The officers then unlawfully searched the residence. The officers departed, with JORGE lying injured on the floor.

21. JORGE pulled himself to his feet and opened his apartment door, and yelled after the officers to provide him with their badge numbers.

22. The officers, including DEMAIO, NAGEL, and SAMPLE, refused to provide their badge numbers, and in response placed plaintiff JORGE into handcuffs and continued to beat and mace him even after his hands were cuffed.

23. Plaintiff JENNIFER observed the officers beat JORGE again. While keeping a distance from the officers, she pleaded with them to stop beating JORGE.

24. Without warning, the officers DEMAIO, NAGEL, and SAMPLE placed plaintiff JENNIFER under arrest.

25. Plaintiff JORGE was put into a police car. The officers including DEMAIO, NAGEL, and SAMPLE maced JORGE and beat him while he was inside the police car, causing a window of the police vehicle to break.

26. Officer took plaintiff JORGE to the 75th precinct and in a separate vehicle, plaintiff JENNIFER was also taken to the 75th precinct.

27. Nothing unlawful was recovered from the search of plaintiffs' JENNIFER, JORGE, or their residence.

28. At the precinct the officers, including Defendants DEMAIO, NAGEL, and SAMPLE, falsely informed employees of the Kings County District Attorney's Office that they

had observed plaintiffs JORGE CANDELARIO and JENNIFER PAGAN commit the various crimes.

29. Neither DEMAIO, NAGEL, SAMPLE nor the DOE defendants observed PLAINTIFFS violate any laws / ordinances.

30. The allegations made by Defendants to the DA's Office were false, and the defendants knew them to be false at the time the defendants made the allegations.

31. The defendants then forwarded these false allegations to the DA's Office in order to justify the unlawful arrest of PLAINTIFFS and to persuade the DA's Office to commence and/ or continue the criminal prosecution of PLAINTIFFS.

32. The defendants knew and understood that the DA's Office was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the PLAINTIFF. Defendants were aware that the DA's Office assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

33. While in police custody, Plaintiff JORGE was transported to Wycoff Heights Medical Center where he was treated for injuries he sustained as a result of the officers' unlawful use of force.

34. Plaintiff JORGE was then transported to Brooklyn Central Booking, and was subsequently arraigned. JORGE CANDELARIO'S case was assigned docket number 2013KN041910.

35. On June 2, 2013, JORGE was released from custody after spending approximately two (2) days in custody.

36.     After JORGE was released, he received additional medical treatment for injuries he sustained as a result of the officers' unlawful use of force.

37.     Plaintiff JORGE returned to Court approximately eight (8) times before his case was adjourned in contemplation of dismissal on June 17, 2014.

38.     Plaintiff JENNIFER was then transported to Brooklyn Central Booking, and was subsequently arraigned. JENNIFER PAGAN'S case was assigned docket number 2013KN041861.

39.     On or about June 1, 2013, JENNIFER was released from custody after spending approximately one (1) day in custody.

40.     Plaintiff JENNIFER returned to Court several times before her case was ultimately dismissed.

41.     Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## CLAIM ONE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

42.     PLAINTIFFS repeat, reiterate, and re-allege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City and the NYPD include, but are not limited to, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officers' arrest statistics;

    ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

    iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct.

45. The foregoing customs, policies, usages, practices, procedures and rules of defendant City through the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of the PLAINTIFFS.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFFS as alleged herein.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the PLAINTIFFS' constitutional rights.

48. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the PLAINTIFFS' constitutional rights.

49. The acts complained of deprived the PLAINTIFFS of the following constitutionally protected rights:

    a. Not to be deprived of liberty without due process of law;

  b.  To be free from seizure and arrest not based upon probable cause;

  c.  Not to have summary punishment imposed; and

  d.  To receive equal protection under the law.

50. As a direct and proximate result of this unlawful conduct, PLAINTIFFS sustained the damages hereinbefore alleged.

## CLAIM TWO
### Unlawful Entry and Search

51. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

52. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

53. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## CLAIM THREE
### False Arrest

54. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

55. The Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause, privilege or consent.

56. As a direct and proximate result of this unlawful conduct, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## CLAIM FOUR
### Unreasonable Force

57. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

58. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

59. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## CLAIM FIVE
### Malicious Abuse of Process

60. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

61. The individual defendants issued legal process to place plaintiffs under arrest.

62. The Municipal Defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process.

63. The Municipal Defendants acted with intent to do harm to plaintiffs without excuse or justification.

64. As a direct and proximate result of this unlawful conduct, plaintiffs sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights, in addition to the damages hereinbefore.

## CLAIM SIX
### Denial Of Constitutional Right To Fair Trial

65. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

66. The individual defendants created false evidence against Plaintiffs.

67. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

68. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

69. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## CLAIM SEVEN
### Failure To Intervene

70. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

71. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

72. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

73. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
                January 27, 2016

                                                _____/s/_____
                                                Katherine E. Smith
                                                233 Broadway, Ste. 1800
                                                New York, New York 10279
                                                347-470-3707
                                                *Attorney for plaintiffs JORGE*
                                                *CANDELARIO and JENNIFER PAGAN*